J-A31018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATH FOOD MARKETING AND SALES ASSOCIATES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 422 EDA 2017 |
| JAMES BENNIS AND J.P. BENNIS COMPANY | : | |
| | : | |

Appeal from the Judgment December 27, 2016
In the Court of Common Pleas of Delaware County Civil Division at No(s):
2014-006718

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 17, 2018**

Appellant, Nath Food Marketing and Sales Associates, Inc., appeals from a December 27, 2016 order granting summary judgment in favor of James Bennis and J.P. Bennis Company.  We affirm.

The relevant facts and procedural history are as follows.  Appellant commenced this action by filing a complaint on or around July 31, 2014 naming two defendants, James Bennis ("James") and J.P. Bennis Company (hereafter collectively "Bennis").  The complaint alleges that the parties entered into a buy-out agreement dated April 21, 2006, and that, after entering into that contract, Bennis breached its obligations under the agreement.

Before Appellant filed its complaint in this matter, Bennis, on or about August 9, 2010, filed an action against Appellant in the Court of Common

_____
*   Former Justice specially assigned to the Superior Court.

Pleas of Montgomery County docketed at 2010-22214 (hereafter "Montgomery County action"). In the Montgomery County action, which also centered upon an alleged breach of the parties' April 21, 2006 buy-out agreement, Bennis was the named plaintiff and Appellant was the named defendant.

The buy-out agreement that was at issue in the Montgomery County action is identical to the buy-out contract that is at issue in this case. Like the present case, the Montgomery County action focused on the payment terms of the parties' contract, which provided that Appellant would make a series of payments totaling $218,244.00 to Bennis in exchange for certain proprietary business information such as lists of customers and principals. In the Montgomery County action, Bennis maintained that, pursuant to the agreement, it was entitled to payment regardless of economic conditions or the financial benefits of the information and resources it furnished to Appellant. Bennis therefore asserted that Appellant's failure to tender full payment under the parties' contract constituted a breach of the agreement. Appellant asserted that Bennis would be entitled to payment only if the business produced a profit.[1]

---

[1] The buy-out agreement was drafted by Appellant, on Appellant's letterhead, and after Appellant received the opportunity to conduct due diligence, including a review of financial statements provided by Bennis before executing the agreement.

The Montgomery County action proceeded to a jury trial in May 2013.[2] Following a one-day trial, the jury returned a verdict in favor of Bennis and against Appellant for $85,712.00, representing the unpaid sum Appellant owed Bennis under the terms of the parties' buy-out agreement. Thereafter, Appellant filed post-trial motions requesting a new trial or judgment notwithstanding the verdict. In its motions, Appellant alleged that, James, who was nearing retirement, devised a plan to sell his business and receive retirement income at Appellant's expense. To accomplish this goal, James allegedly made false representations regarding the income derived from his business activities. Appellant claimed that it later learned, however, that information and resources Bennis conveyed in the buy-out transaction (including principal and customer lists) lacked the promised potential or proved largely useless. Despite this, Bennis insisted on payment. Appellant asserted that it was entitled to a new trial because the jury overlooked Bennis' worthless customer list. Moreover, Appellant maintained, the jury's verdict should be stricken because Bennis should not have been permitted to use the Court system to benefit from misrepresentations. The court in the Montgomery County action denied Appellant's post-trial motions and Appellant later discontinued an appeal filed in this Court. Bennis

---

[2] During the Montgomery County action, Appellant introduced evidence and presented the testimony of Donald Nath, who explained Appellant's reasons for refusing payment to Bennis under the parties' buy-out agreement. In addition, Appellant was represented by the same counsel as in this appeal.

subsequently transferred the Montgomery County judgment to Delaware County on or about October 22, 2013 at docket no. 2013-010494.

Appellant eventually filed the instant breach of contract action in Delaware County on July 31, 2014. The gravamen of Appellant's claim was that Bennis breached the parties' April 21, 2006 buy-out agreement by failing to produce lucrative business contacts and information, which, in turn, caused Appellant to suffer losses. Following a pre-trial conference held on October 21, 2016, Bennis moved for summary judgment based on (1) *res judicata*, (2) collateral estoppel, and (3) the four-year statute of limitations applicable to breach of contract actions. The trial court issued an order granting summary judgment on December 27, 2016, agreeing with all three theories raised by Bennis.

Appellant filed a timely notice of appeal with this Court on January 25, 2017. Thereafter, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement on February 17, 2017. In response, the court issued its Rule 1925(a) opinion on May 18, 2017.

Appellant raises the following claims in its brief:

Is a party bound by [c]ollateral [e]stoppel and [j]udicial [e]stoppel regarding statement[s] made in a prior action?

Does [*res judicata*] apply when the issues in a prior action were found to be irrelevant?

Must the [s]tatute of [l]imitations defense be based on evidence?

May a judge on the same level ignore a prior judge's ruling?

Appellant's Brief at 3.

We have carefully reviewed the submissions of the parties, the opinion of the trial court, the pertinent authorities, and the certified record. Based upon our review, we conclude that Appellant is not entitled to relief for the reasons expressed by the trial court in its May 18, 2017 opinion. Moreover, as we conclude that the trial court's opinion adequately and accurately addresses each of the issues Appellant raises on appeal, we adopt the trial court's opinion as our own. Accordingly, Appellant shall attach a copy of the trial court's opinion to all future filings relating to our disposition of this appeal.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/18

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

NATH FOOD MARKETING and No. 14-006718

SALES ASSOCIATES, INC.

PA SuperiorCour.t Docketing Ñ0. 422 EPA 2017

JAMES BENNIS and J.P. BENNIS COMPANY

JOUN J. OBRIEN, 111, ESQUIRE, Attorney for the Plaintiff.
HERMAN J. WEINIUCH, ESQUIRE, Attorney for the Defendants.

## OPINION

BURR, s.J.                                                      FILED: May 18, 2017

The Plaintiff, Nath Food Marketing and Sales Associates, Inc., has appealed from the Order granting the Motion for Summary Judgment of the Defendants, James Bennis and J.P. Bennis Company, based upon the doctrines of Res Judicata, and/or Collateral Estoppel, and/or the four (4) year Statute of Limitations applicable to contract claims, and dismissing,

with prejudice, the Plaintiffs Complaint alleging the Defendants' breach of an April 21, 2006 agreement to provide their business resources in return for $218,244.00 from the Plaintiff with the final payment due on January I , 2010, A prior law suit filcd by the Defendants against the Plaintiff in the Courl of Common Pleas of Montgomery County, Pennsylvania, yielded a jury verdict awarding the Defendants the sum that remained duc and owing on the said purchase price for their business, and the Plaintill's discontinued appeal from that verdict was from denial of its post-verdict motion pleading errors that were identical to thc allegations set fòrth in the Complaint fifed in this action. (Scc: Plaintiff's Complaint appcndcd as Exhibit A and C and Plaintiff's Motion for New Trial as appended as Exhibit G to the Defendant's Motion (Or

Summary Judgment), [1]Hence, those matters were waived from fuflher consideration by this or any Court in the Commonwealth of Pennsylvania. Nonetheless, the issues raised by the Plaintiff are evaluated in the ensuing discussion.

The instant Complaint, filed on July 31, 2014, set forth the following allegations against the Defendants:

- On OL' about April 21, 2006, the parties entered into a contract to join their resource$, with the Defëndants offering list of over 120 customers and commission, (Id., Paragraphs 5-7, ERhibitS J (Buyout Proposal): 2 (Buyout Agreement signed April 27, 2006), 3 (Commission List for 2005) and 4 (Customer List) appended thereto).

o The Defendants offered to provide a statement of income for the years 2003 and 2005 and a list of their principals, (Id,, Paragraphs 8-9, Exhibits 5 (2003 and 2005 Income Statements) and 6 (List of Principals) appended thereto).

- The Defendants failed to produce the resources they had promised and, as a result of the Defendants' breach, the Plaintiff never realized the profits the Défendants promised and continued to suffer losses for years, (Id., Paragraphs 10-12).

The Defendants filed an Answer to the Complaint with New Matter in the Nature of a Counterclaim in which they alleged that there was never a contract to merge their business with the Plaintiffs, and that the subject agreement was instead for the purchase of the Defendants' business by the Plaintiff, alter which the Defendant, James Bennis, went to work fòr the Plaintiff as a 1.099 employee, (Icl., Paragraph 4). The Defendants contended further in their Answer, New Matter and Counterclaim that the issues raised in thc instant matter were time batTed, as well as res judicata and collaterally estopped for having been fully litigated by the same parties in the Montgomery County Court of Common Pleas. (Id., passim).

The Defendants' Complaint, James Bennis, et al. v, Nath Food Marketingsmcl Sales Associates; Inc., tiled in [he Conrt of Common Pleas of Mon1gomery County at Docket Number 2010-2221 'l, set forth a cause ufaction tor Breach of Contract against the Plaintiff in Count I for failure 10 fully compensate the instant Defendants 10r the cost of the buyout by December 3 1, and a claim against the Plaintiff ill Connt Il 101' violation of Pennsylvania's Wage Payment and Collection Law. 43 Pa. § (260.1, by railing 10 fully compensate Mr. Bennifi for his employment with

Ahe Plaintiff. (Montgomery County Complaint appended as Exhibit C to lhc Delèndants' Motion For Summary .)udgment).

The Defendants claimed that they had received a Montgomery County jury award,. on May 20, 2013, in the sum of $85,712.00 in their law suit against the Plaintiff for failing to pay the balance due pursuant to the terms of the same business buyout agreement that is at issue in this court. (Id., ãnd passim). The Defendants averred in their Counterclaim that the P)aintiff had defended that prior action with a claim for damages and a request for a set-off of the amount said to remain due and owing on the contract. (Ids, Paragraph 40). Defendants additionally contended that the PlaintiffŠ post-trial motions arising from the Ivlontgornery County jury's verdict were denied by the Trial Judge, the Honorable Thomas C. Branca, and that the Plaintiffs appeal therefrom was later either withdrawn or abandoned by the Plaintiff and dismissed by the Permsylvania Superior Court by an Order marking the case, docketed there at Number 2385 EDA 2013, as "Discontinued". (Id., Paragraphs 26-36; Superior Court Order appended as Exhibit D to the Defendants' Memorandum Of Lavv in Opposition to the . Plaintiffs Preliminary Objections to their Counterclaim). The filing of the instant action took place following the Bennis Defendants' fransfer of their $85,712.00 Montgomery County Court of Common Pleas Judgment to the Court of Common Pleas of Delaware County, where it was . docketed at Number 2013-010494 on or about October 22, 2013. (Id., Exhibit B appended

thcreto),

The Defendants filed a. Motion fòr Summary Judgment in which a copy of the . Plaintiff's Motion for New Trial or Judgment NON. in the Defendant's Montgomery County law suit was appended as Exhibit G and lists the fòllowing grounds for the granting of rclicf:

> "1. In the above action, ME, Bennis sold his business to the l]D]cfcndant, and madc the false representation that his business made about 200,00

It is here noted thaLThe Plaintiff' s lh•climinary Objections to the Defendants' Counterclaim wcrc ovenllled by an Order issued on March 24, 2015 by (he Honorable Christine Fizzano Cannon or this Court. No issne pertaining to •bat Order has raiged in the Plaintiff's StalemenT of Errors for Appear

3.

2.    As part of the sale, Ml'. Bemis gave a Principal list, which did not have the potential as promised.

3.    Mr. Benni$ also gave the [D]efendant a customer list with over 1 16 names. It was soon learned that over two thirds of the names were useless,

4.    As Mt'. Bennis neared retirement, he devised a plan to sell his business, and receive retirement income at the expense of the [D]efendant.

5. It was learned that much of what Mr. Bennis sold to the [Dlefenclant was worthless, yet the [P]laintiff insisted that he be paid.

6. The [P]laintiff filed this suit, and theuiury awarded Mr. Dennis over $85,000.00 but never considered the worthless customers fist.

7. As a matter of law, a party cannot use the Court system to benefit from his misrepresentation.

8. On its face, the Jury verdict cannot stand. . , (Id.Ž Exhibit G, pp. 1-2),3

A comparison between the Plaintiffs Complaint and the foregoing post-trial pleading in the Defendants' Montgomery County action readily adduces that the selfsame allegations are set forth therein. Therefore, it is reasonable to presume that the Plaintiff intended that this law suit become the substitute for its appeal in the Montgomery County action that was dismissed by the Pennsylvania Superior Court and rendered final by that digcontinuance and no subsequent action by theTInintiff to secure Its reinstatement.

The Plaintiff presented the tblfowing barebones and arguably inarticulate Memorandum of Law in reply to the Defendants' Motion for Summary Judgment:

"Res Judicata and Collatcral Estoppel do not apply because the issues before the Delaware County Court were found to be irrelevant by the Montgomery County Court. The Jury never addressed these issues. [Idcrc the Plaintiff relèrencecl as Exhibit B to the Memorandum of Law a copy of the Montgomery County jury's verdict sheet wherein it

4

The Trial Judge tiled anx»pinion recommending [hal the appeal be quashed due tothe filing of a "procedurally and substantively deficient Post-Wrial Motion pursuant to Pennsylvania Rule or Civil Procedure [hat requires that the grounds therefor must be •specified in the motion and how [hey were asserted pre-trial proceedings or at trial, (Exhibit*l appcndcd 10 the Defendants ' Motion for Summary Judgment - Opinion of the Honorable Thomas C. Branca, p. 5).

answered Interrogatory Question Number I , "Do you find that Defendant, Nath Food Marketing and Sales Associates, Inc. breached its contractual obligation to make payment to Plaintiff, James Bemis?" in the affirmative and awarded Mr. Bennis the sum of $85,712.00 in damages.] The issues before the Delaware County Court are not identical to the Montgomery County Trial Court.

In Glynn v. Glynn, 789 A.2d 242[, 249]      super.      the Court stated:

Res Ji.ldicata encompasses not öflly issues, claims Of defense that were actually raised in the prior proceeding but alŠo those which could or should have beet) raised but were not.

In the present casel,l the issues raised were found by the court in response to tvli•. Bennis' objections to be irrelevant. So Res Judicatä clcjes not apply.

As for Collateral Estoppel, counsel for Mr. Bennis objected to several issues as irrelevant. Mr. Bennis can not now change his position and claim they are relevant. D & Rizzo v. | | C 122 [3d] (Phila. 1978).

This action is not barred by the Four (4) year Statute of Limitations because the period begins to run when the relationship ends. This is also a fact issue, S.T. Hudson [Engineers. Inc.]v. Camden Hotel Development Associates], 747 A.2d 931 (Pa. Super. 2000).

ONCLUSION

It is Mr. Bennis who claimed that the issues were irrelevant in Montgomery County Court and he can not now change his position. Also[,] the action was filed within the four (4) year period." (Id., unnumbered pp. 1-2).

This Court subsequently issued the following nppenlecl from Order

. The Plaintiff appended, as Exhibit A, to its lvlemoranclum of Law ill response to the Defendants' Motion for Summary Judgment, several pages from the Montgomery County Trial Transcript of May 16 and VI, '2013 in which Judge Branda clarified; in response to the instant DefendantŠ' attorney's objections to questions to Mr. Donald Nath, regarding the salary paid to Mr. Bennies, [he amounts already paid O) [he buyout agreemen[, and whether a profil was realized from the Piincipals named by the instant Plaintiff, thal the objections were sustaincd "with regard 10 any payments other than the issues in this case, which is the bnyout." (IN., 5/16/13 N.T. 534 120.126).1 The Plaintiff's

representations in this regard are wholly misleading, inasmuch as Mr. Nath's testimony, taken as a whole, went into great detail regarding the making and non-making of payments on the buyoul.

alleged ill The Complaint filed in this court. (Montgomery County Trial Transcript, appended as ExhihitA3 to the Plaintiff's "Statement of Errors", 5/16/13 N.T. 77-14/1).

"AND NOW, this 27 th day of December, 2016, upon consideration of Defendants' James Bennis and J,P, Bennis Company, Motion for Summary Judgment, and Plaintiffs, Nath Food Marketing and Sales Associates, Inc., Answer thereto, as well as the Memoranda of Law submitted in support thereof, it is hereby ORDERED and DËCREED that, based on the doctrines of Res Judicata, ând/or Collateral Estoppel, and/or the four (4) year Statute of Limitations applicable to contract claims, the said Motion will be, and hereby is, GRANTED.

IT IS FURTHER ORDERED and DECREED that Plaintiff's Complaint will and hereby is, DISMISSED WITH PREJUDICE.

BY THE COURT:
/s/CHARLES B. BURR. 11 S.J.'S

The Plaintiff 'has presented the following "Statement of Errors for Appeal"

therefrom:

"1. Statute of Limitations

S.T. Hudson [Engineers. Inc.] V. Camden Hotel[DeveIopment Associates], 747 A.3d 931 (Pa. Super, 2000) makes it cleat that a cause of action starts to run When a continuing contract is terminated. The Plaintiffs ledgers show that [D]efendant Bemis received the last check on August 6, 2010 and the [D]efendant Bennis would have this chcck. Thc prcscnt action was filcd on July 31, 2014 within four ycars of thc termination of the business relationship, S.T. Hudson[ v. Camden Hotel], 747 .À.2d 931 [(Pa. Super. 2000)]. Exhibit AL.] It is an error of law to rule that the action was barred by the Statute of Limitations..

2. Jud e on the Same Level

It is basic that a Judge can nol overrule another Judge on the same level. During the Montgomery County trial[,] Judgc Branca ruled that thc Nath claims were irrelevant. The [j]udge in the present action rulccl that they were relevant. This is an error of law. Ohio Casualty Group v- Argonaut [Insurance Company], 583 A.2d 872 (Pa. Crnwlth. 1990).

3. Collateral Estoppel or Judicial Estoppel

6

.The transcript orthc Montgomery Count trial shows that counsel for Mr. Bennis objected to the Nath claims as irrelevant and the Montgomery County Courl sustained the objections. The Court would not allow the Nath claims to go to the jury as irrelevnnl. Yet[,] in this action[,] the Bennis counsel argued that all thc issues were presented to the jury. This is Ikilsc and counsel now takes the opposite position thal the

Nath claims were relevant. This is contrary to the law. <u>Marrà v. Marra</u>, 831 A.2d 1183 (Pa. super. 2003) and <u>Rizzo v. Rohrback</u>[,] g D & C 122 [3d] (Phila. 1978) Exhibit B. [Montgomery County Trial transcript —May 16 and 17, 2013.]

The [P]laintiff refers to the [A]nswer to the [D]efendants' Motion for Summary Judgment and the attached Memorandum of [Llaw. Exhibit C.

It is error of law to ignore Collateral Estoppel or Judicial Estoppels

### 4, <u>Res Judicatà</u>

The issues before the Delaware County Court were raised in the Montgomery County trial and were found to be irrelevant. Sol,] all issues were not tried in the Montgomery County [tþial. <u>Glynn v. Glynn</u>[,] 789 A.2d 242 (Pa. Super. 2001). It is an error of law to rule that all the issues were tried in a prior action when they were not tried and not presented to the jury because the Montgomery County Judge ruled them irrelevant several times.

For the above reasons[,] the [T]rial [Clourt should not have dismissed the action." (Plaintiffs Statement of Errors for Appeal, unnumbered pp. 1-2).

### Discussion

The Plaintiff first contends error in this Court's finding that the doctrine of Res Judicata applies because the issues before the Delaware County Court were raised in the Montgomery County trial and were found to be irrelevant, and it "is an error of law to rule that all the issues were triccl in a prior action when they were not tried and not presented to the jury because the Montgomery County Judge ruled them irrelevant several times." (Plaintiffs Statement of Errors for Appeal, Paragraph 4).

Besides the fact that Judge Branca's sustaining of the objections cited did not curb thc presentation of lengthy testimony from Donald Nath regarding the Plaintiffs defenses for refusing to Ii.llly compensate the Defendants, the Complaint filed by the Del:èndants in the Court of Common Pleas of Montgomery County asserted thc same contract and the same terms and payment arrangement in the parties' "buyout" agreement that are at issue befUre this Court.

8

(Id, Paragraphs 1-28, passim). Count I of that Complaint, alleging breach of the buyout agreement, avers the instant Plaintiff's failure tó remunerate the instant Defendants for the full price of the buyout by Decembér 31, 2009, (Ids, Paragraphs 29-32). This Court was not presented with a copy of the Plaintiff's Answer to the Defendants' Montgomery County Complaint and the defenses set forth therein. However, the Plaintiff's Pre-Trial Statement made to the Montgomery County Court set forth a "Statement of the Facts", stating that: "[tlhis is a case in which the plaintiff, a salesman for the defendant, believes he would get a payment regardlesS of the economy or the quality of his WOfk[J and [t]he defendant believes that the plaintiff is to be paid only if the business makes a profit." (Id., Exhibit E appended to the Defendants' Motion for Summary Judgment).

Judge Branca's "Statement of the Case" expressed in his Opinion filed on November 16, 2013, provides:

"On April 27, 2006, pursuant to a written 'buy out' agreement, Defendant agreed to purchase Plaintiff, James Bennis's (d/b/a J.P. Bennis Company) business for $218,244.00. Among other things, the 'buy out' agreement provided that Defendant would make an initial lump sum payment of $20,000.00, followed by smaller payments made over a 36 month period, beginning January I? 2007 until December 31, 2009, Despite making its initial $20,000.00 lump sum payment on May 4, 2006. Defendant soon breached the 'buy out' agreement by failing to filliill its monthly obligations.

On August 95 2010, Plaintiff filed the underlying lawsuit sounding in breach of contract and violations of Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S. § 260.1. On May 20, 2013, at the conclusion of thc one,,day trial, the jury fijund Defendant liablc for breach of contract and awarded $85,712.00 in damages, ...." (Iappended as Exhibit Il to the Defendant's Motion for Summary Judgment, pp. 1-2).

After receiving Plaintiff's Post,,Trial Motion for a New Trial nnd .INC)V that listed the same defenses to that case as were averred in the Complaint filed with this court as grounds for relief, Judge Branca concluded that the Plaintiff had waived ail of its appellate issues because

9

that document was procedurally and substantively deficient for Failing to identilÿ the places in the record where the purported trial errors had occurred and for not providing a trial transcript to assist in that review. (Id., pp. 3-6). The Plaintiff'S subsequent failure to pursue that appeal resulted in its discontinuance by the Pennsylvania Sliperior The Plaintiff has now filed a Complaint in this Cöurt that mirrors the allegations made in its Pre-Trial Statement to Judge Branca, and in its Motion for New Trial and JNOV in the Montgomery County Court, Plaintiff contends that the issues litigated there are not the same or, in Plaintiffs words, were deemed by Judge Branca to be "irrelevant" to the matters contended here. However, in that context, the Plaintiff neglected to report that the sustained objections did not prevent the jury

_____

from hearing the entirety of Donald Nath's testimony that included the reasons why the Plaintiff felt entitled to stiff the Defendants on the payments that it had promised under the buyout agreement that have reappeared in the Complaint filed in the Delaware County Court of Common Pleas. (Montgomery County Trial 'Transcript, appended as Exhibit B to the Plaintiff's Statement of Errors for Appeal, 5/16/13 N.T. 77-144, passim). Moreover, the Plaintiff has submitted a Pre-Trial Memorandum to this Court expressing a statement of "Facts" that belies any assertions as to the Defendants' grounds for relief being based on irrelevant evidence:.

> "0n March 17, 2006, the parties entered into negotiations to join their resources on or about April 2171, the particg entered into a contract. As part of the resources, the Defèndants offered a list of customers and

10

commissions. The Defendants also of[èred a. list of over 120 customers to show the worth of the Dct'cndants['] resources. The Dcfcnclants offered only income returns for 2003 and 2005.

.The Defendants failed to produce the resources they had promised. As a result of the Defendants['] breach, the Plaintiff never rcalizcd the profits promised by the Defendants and the Plaintiff continued to suffer losses IOr years." (Id., appended as Exhibit I to the Defèndants' Motion for Summnry Judgment).

.The Plaintiff's reliance on the Montgomery County trial transcript docs not. establish that the issues there wcrc not thc samc as those contended instantly. Judgc Branca's sustaining of the instant Defendants' objections to questions addressed to Donald Nath regarding any payments to Mr. Bennis outside of the buyout agreement's provisions and other minutiae surrounding the parties' business arrangements, was for the pnrpose of precluding testimony that was collateral to the central issue of whether Plaintiff should be liable to the instant Defendants for breách of the buyout agreement per se. (Montgomery County Trial Transcript, appended as Exhibit B to the Plaintiffs Statement of Errors for Appeal, 5/16/13 N.T. 123). In addition, Mr. Nath?s testimony ffilly set forth the rationale for the missing and late payments and final non-payment of consideration for the agreement that is also claimed as Plaintiff's grounds for relief from the Defendants in this case. (Id,, N,T, 77-144). Indeed, the . Jury's damages verdict in favor of the instant Defendants for recompense of the outstanding buyout payments utterly belies the Plaintiffs contentions that that issue and the bases for it .were irrelevant in both the Montgomery County action and sub judice. Furthermore, for the Plaintiff to contend before this Court that such issues are irrelevant to its own ability to recover in this action on grounds that it did not receive the full benefit of the bargain promised by the agreement is surprising, if not incredible, to say the least.

Finally, to put the question as to whether the claims and issues raised by the Plaintiff in this action were fully litigated in the Montgomery County Court to rest, it is necessary only to

review the closing argument summarizing his client's evidence that was prcscntcd by Plaintiffs

counsel at the Montgomery County trial:

> ". .What we have here today is a contract counsél said he'll give you the binder — and in here, it specifies that there's an Exhibit A, which is — and you'll see it in the binder — and it's Exhibit 3 of [P)laintiff's, thc [P]rincipal list; also Exhibit B of this contract, the [Clustomcr list, which is Exhibit 4. And in onc of the statements in this contract, they refer to the information that Mr. Dennis gave them regarding his business practices and successes and. his income. Our offer is predicated that these figures are fair and accurate. And you heard onc of the Nath brolhcrs testily, did you make as much money as he said he was with the business he brought 10 you.

Also, you're going to see down here at the bottom — which, in my point of view, is a very important paragraph — Logs of Principal Clause. Connsel says it's unimportant how much they lost. Well, according to Naths, they weren't making much money, when they took on the business from Mr. Bennis. And it says here: Lo]ur entire offer is predicated on the principals of Mr. Bennis' business. It says JPB. And it goes on: [alnd if we do not retain the business, we will reduce the buyout payments accordingly.

We have a situation here that is akin to a marriage, Everyone is giving compliments to everyone, fond of everyone, and then the honeymoon is over. The figures dorft add where is my money, I don't have the money, we're not getting the business. The customer list you gave us, I believe Mr. Nath testified of 116 name* he only recognized 32 in thc business. Of the [P]rincipals this one they did very littlc business with these people. And, of course, counsel said, well, it really doesnä matter if he gave them a bad connections. that it's inconsequential. The numbers show it was. They weren't making the money they needed to make to complete the obligation here that Mr. Bennis knew was based on customer lists and [P]rincipal lists. Sol,] he acts surprised when the business doesn't come forward, and says, where is my money, and there's no money because when [sic] you gave us isn't profitable. [Here, Judge Branca sustained Mr. Bennis' counsel's objection that profitability was not an issue in the case, and Plaintiffs counsel continued as follows]. You will be given the contract to read. Pd ask you to consider what wag expected of Mr. Bennis, what was expected of his [P]lincipal list, and what was expected of this customer list and what was the result. And then decide if his conduct merits award to him of $85,000.00. (Montgomery County Trial Transcript, appended as Exhibit B to the Plaintiffs Statement of Errors for Appeal, 5/17/13 N.T. 12-15),

Yet, despite the clear mirroring of the defenses raised in its Post-Trial Motion in the Montgomery County case with the allegations in the Complaint filed by the Plaintiff in this action,as well as all of the other factors discussed at length hereinabovc, the Plaintiff asserted, in rcsponsc to thc Defèndants' Motion for Summary Judgment here below, that the doctrines of Res Judicata and Collateral Estoppcl do not apply because the issues before the Delaware County Court were found to be irrelevant by the Montgomery County Court and that the Jury, in finding that the Plaintiff had breached the buyout agreement by failing 10 remunerate the Defendants its full value, had never addressed these issues. Nevertheless, the Plaintiff clearly had presented evidence, testimony and legal argument in that case that was germane to its belief that it had not received the full benefit of the buyout agreement so as to explain breach of the payment obligation at issue. The

Montgomery County Jury was required to consider such evidence and testimony in coming to its verdict for the instant Defendants. According to Judge Branca, the only irrelevant issues in that case were those going toward evidence that had nothing to do with the "buyout"? payment obligations on the part of this Plaintiff for the purchase of J.P. BenniŠ Company for which the jury found it liable, (5/16/13 N.T. 123). Therefore, it is clear, beyond peradventure, that the Plaintiffs claims in defense of that conse that were fully vetted in its pre-trial memorandum, the evidence and oral argument presented by the Plaintiff at the Montgomery County court trial, and then raised again as grounds for postverdict relief from Judge Branca, reappeared in the Complaint filed with this court after the appeal to the Pennsylvania Superior Court pursuant to the outcome of the Montgomery County law suit was discontinued.

> "It is hornbook law that when a final judgment on the merits has been rendered by a court of competent jurisdiction, the doctrine of res judicata will bar any future suit on the same cause of action between the same parties. 10 STD. PA. PRACTICE: 2d § 65: 67. Application of the doctrine of res judicata requires that the two actions possess the following common elements: (l) identity of the thing sued upon; (2) identity of the cause of action; (3) identity Of the parties; [and] (4) identity of the capacity of the parties. Id., 65: 61. Res judicata encompasses not only those issues, claims or defenses that were actually raised in the prior proceeding, but also those which could or should have been raised but were not. Id., § 65: 57." Glynn Y. Glynn, 789 A-2d 242, 249-250 (Pa. super. 2001).

The instant Plaintiff raised tÙ1d/or should have raised the same set of defenses in Montgomery County Court in a Inw suit litigating an alleged breach of the same contract involving the samc parties in their same capacity that are now being raised oflènsively in thc Complaint filed this action and, fòr all of the foregoing reasons, the doctrine of Res Judicata, indubitably, applies. Moreover, because the Plaintiff asserted the selfsame grounds Iòr• its contention that Collateral or Judicial Estoppel has no application in this case, this claim must also 'hil_ (Plaintiff's Statement ol' Errors for Appeal, Paragraph 3). Plaintiff contended as well that, inasmuch as the Defendants objected to evidence that was deemed irrelevant in the

14

Montgomery County law suit, they cannot now contend that the evidence is relevant. However, for all of the foregöing reasons, this may be said as well Of the Plaintiff who has raised identical claims before the Montgomery County Court and this Court arising from the same contract between the same parties based upon the same defenses and rationale for relief from an obligation that was enforced by the Montgomery County Jury against: the Plaintiff based on evidence the Plaintiff now wrongfully insists was precludedt

> "Collateral estoppel, which is closely related to res judicata, bars the re litigation of issues where: "(I) the issue decided in the prior case is identical to one presented in the latter case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party. ,.in the prior case; (4) the partÿ...against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination of the prior proceeding was essential to the judgment." <u>Radakovich v. Radakovich</u>, 846 A.2d 709, 715 (Pa. Super. 2004),

Here again, comparing the Plaintiffs Complaint with the Motion for Post-Trial Relief that it filed in the Montgomery County action, as well as reviewing the closing argument of its trial counsel to the Montgomery County jury, and the Pre-Trial Memoranda filed in both cases leads to the inexorable conclusion that the issue and claims of a breach of the buyout agreement entered into by thege snme parties, resulting in the judgment against thO Plaintiff for damages attendant to its breach ol' that agreement in the face of thc same claims and defenses averred there and in this action, were fully and fairly litigated in thc Montgomew County Court of Common Pleas by the Plaintiff and that the doctrine of Collateral Estoppel applies 1.0 the instant casc. <u>Radakovich v, Raclnkovieh</u>, supra; <u>Yamulla Trucking & Excavating Co. v</u>.
<u>Justofin</u> supra.

The Plaintiff raises a third contention in this appeal that the Statute of Limitations was not violated because, in its view, thc contract was not terminated until Mr. Bennis rcccivcd

15

his "last check" on August 6, 2010, and the within action was filed on July 31, 2014 within four years of the termination of the business relationship. (Plaintiff's Statement of Errors for Appeal, Paragraph l). HoWever, it is not its reasons for defending against Mr. Bemis' claim for outstanding employment compensation under the WPCL which Plaintiff has pleaded as an issue in this case, but the rationale for not making good on its obligation to complete the payments for the purchase of Mr. Benni$' business that were awarded by the jury to the instant Defendants in the Montgomery County law suit. The parties' buyout agreement, executed in 2006, called for the Plaintiff to make an up-front payment for the Defendants' business followed by monthly payments in a specified amount until December 3 1, 2009 or by January l, 2010, (Contract Exhibits B and D appended to the Defendants' Motion for Summary Judgment). The Plaintiffs breach of that provision resulted in suit being brought by the Defendants in Montgomery County in August of 2010 where the Plaintiff defended the action with claims that the Defendants failed to perform their part of the agreement because Plaintiff did not receive the revenue thereupon that it had expected. To the extent that these claims would be litigated in this Court, the Plaintiff would or should have known of such breach before January l, 2010 when final payment was one day ôverdue, yet did not commence this action until July 31, 2014, or over four years from the time when it had stopped making payments on the buyout agrcemcnt in the belief that it had been cheated by the Defendants.

The Statute of Limitations for a claim of breach of contract is Ibur years. 42 Pa. C.S.A. § 5525. The statute of limitations begins to run as soon as the right to institute and maintain a suit arises. Sevast v. Kakouras, 841 A.2d 1062, 1070 (Pa- Super. 2003). It strains credulity for thc Plaintiff to allege that it did not know within four years from entering into this agreement that it was not receiving all thal it had hoped from the buyout arrangement and to believe that the Defendants had breached it. Again, the Defendants' Montgomery County law suit sought relief both on claims that Mr. Bennis had not been fully compensated for his work for the Plaintiff, and

that the Defendants had not been fully compensated for the agreed upon price of their business. The limitations period for the first contention of breach would have been affected by the timing of the last check paid to Mr. Bennis, but the latter was affected by when the Plaintiff refused or failed to continue the regular payments for the cost of the Defendants' business bÿ January Given that the Plaintiff refused to make those payments before they were due at that time in the belief that it had been cheated, the statute of limitations for bringing such an action expired on January l , 2014, and not seven months later, as alleged. <u>Sevast v. Kakouras</u>, supra.

The Plaintiffs fourth and final contention of error is that this Court violated the coordinate jurisdiction rule by purportedly overruling Judge Branca's alleged finding that the "the Nath claims were irrelevant," with citation to <u>Ohio Casualty Group_ v. Argonaut Insurance Company</u>, 583 A.2d 872 (Pa. Cmwlth. 1990), (Plaintiffs Statement of Errors, Paragraph 2). Although the foregoing discussion has fillly adduced the nonsensical nature of this assertion, it must be deemed waived for being raised for the first time on appeal. Pennsylvania Rule of Appellate Procedure 302(a); <u>Moranka v. Downs Racing. LP</u>, 118 A.3d I l I l, 11 15 (Pa. Super. 2015).

Conclusion

Summary judgment is appropriate "only in those cases where the record clearly demonslral.es that there is no genuine issue. of material fact and that the moving party is entitled to judgment as a matter of law." <u>Stimmler v. Chestnut Hill Hospital</u>, 602 Pa. 539, 553, 981 A.2d 145, 153 (2009). When considering. a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence Of a genuine issue of material fact must be resolved against the moving party. <u>Abrams v, Pñeumo Abex</u>

17

Corp., 602 Pa. 627, 634-635, 981 A.2d 198, 203 (2009). The moving party bears the burden of proving that no genuine issue of fact exists and that the movant is entitled to judgment as a matter of Jaw, Stimmler v. Chestnut Hill Hospital, sapra, 981 A.2d at 154.

Further, as the Pennsylvania Supreme Court noted recently in the opinion filed in Ford v. American States Insurance Company, 154 A.3d 237, 244 (Pa. 2017):

> "We begin our analysis by recognizing the well-settled principles that govern summary judgment. If a party moves for summary judgment, a court may enter judgment only when there is no genuine issue of any material fact regarding a necessary element of the cause of action or defense that could be established by additional discovery. Fine v. Checcio, 582 Pa. 253, 870 A.2d 850, 857 (2005), A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In consideling the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and the court should resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Lastly, a court may grant summary judgment only when the right to such a judgment is clear and free from doubt, Id An appellate court may reverse an order granting a motion for summary judgment if there has been an abuse of discretion." Id.

The allegations set forth in the Complaint in this case are clearly identical to. those pleaded by the Plaintiff in the Montgomery County action as grounds for post-frial relief. When that relief was denied, the Plaintiff tool<a and subsequently abandoned or withdrew, an appeal therefrom that the Pennsylvania Superior Court latcr marked as "Discontinued". JOclge Branca's order disposing of the Plaintiffs Motion for New Trial and .JNOV was a final order, and the judgment against the Plaintiff became final when its appeal therefrom was discontinued and the Plaintiff took no timely action to secure its reinstatement, Ouinn v. Bupp, 955 A.2d 1014, 1020 (Pa. Super. 2008). Therefore, thc Plaintiff has waived the ability to raise any issues litigated in the Court of Common Pleas of' N'lontgomcry County by Failing to pursue that appeal, and cannot re-raise them in the instant action because they are res judicata. Res judicata applies not only to issues,

Claims or defenses actually raised and litigated in the prior proceeding but also to those which could or should have been raised and were not. <u>Scott V.</u>

<u>Mershon</u>, 441 Pa. super, 551, 657 A,2d 1304, 1037 (Pa. super. 1995).

For all of the foregoing reasons, a review of the record of this case leaves no doubt that the Plaintiff has failed to meet its burden of establishing a genujne issue of material fact that would preclude sutnmaty judgment being granted to the Defendants and prevent the dismissal Of its Complaint with prejudice. Therefore, this Courfg Order to that effect •must not be disturbed on appeal.

BY THE COURT:

_____
CHARLES B. BURR, II                    S.J.

19